**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION (ST. LOUIS)**

---

JOSIAH DOTZLER,
     Plaintiff,

     vs.

EQUIFAX INFORMATION
SERVICES, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; and NISSAN MOTOR
ACCEPTANCE COMPANY LLC;
     Defendants.

CASE NO. 4:26-cv-00695-SEP

---

### TRANS UNION LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Defendant consumer reporting agency Trans Union, LLC ("Trans Union"), by counsel, respectfully submits this Motion to Dismiss Plaintiff's Complaint (the "Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support, Trans Union submits the attached Memorandum.

Respectfully submitted,


/s/ Scott E. Brady
Scott E. Brady, Esq. (#3053449IN)
Quilling, Selander, Lownds, Winslett &
 Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail:  sbrady@qslwm.com

*Counsel for Defendant Trans Union LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION (ST. LOUIS)**

---

JOSIAH DOTZLER,                                    CASE NO. 4:26-cv-00695-SEP
           Plaintiff,

      vs.

EQUIFAX INFORMATION
SERVICES, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; and NISSAN MOTOR
ACCEPTANCE COMPANY LLC;
           Defendants.

---

**TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**

---

The Motion should be granted in this case where Plaintiff incorrectly claims that Trans Union violated the Fair Credit Reporting Act ("FCRA") by accurately reporting his Nissan Motor account after Plaintiff admits that payments were not made because:

      A.      Trans Union's reporting of the account is accurate, and case law holds that accurate credit reporting is a complete defense to a claim under the FCRA; and

      B.      Even if Plaintiff was not liable for making the payments, Plaintiff's claims are based upon an unadjudicated legal dispute with Nissan, which is not cognizable against a consumer reporting agency under the FCRA.

## I.      <u>INTRODUCTION</u>

On May 6, 2026, Plaintiff filed a Complaint against Trans Union and the other consumer reporting agencies ("CRAs") claiming violations of the FCRA due to the reporting of his Nissan Motor Acceptance Company ("Nissan") account.  *See* Complaint, Dkt. No. 1.  Plaintiff admits that

he entered into an agreement with Nissan or a dealership on Nissan's behalf.  *Id.* at 10. Plaintiff further admits that he received a Nissan Rogue, and that monthly lease payments were owed.  *Id.* Plaintiff then admits that the lease payments were indeed not being paid.  *Id.*, at 13, ¶ 76.  As such, Trans Union's reporting of late payments is accurate.

However, Plaintiff alleges in the Complaint that the CRAs' reporting is inaccurate, because Plaintiff should not have been liable for the late payments.  *See generally*, *id.*  Plaintiff alleges that the dealership made an agreement with Plaintiff to make the lease payments on the car. *Id.*, at 10. Plaintiff alleges that Nissan made multiple representations to him in connection with the agreement between himself and Nissan, which were not honored.  *Id.*  Plaintiff alleges that after notifying the dealership that he would leave Creighton, the parties made further amendments or revisions to their contract, thus (ostensibly) legally alleviating Plaintiff's obligations thereunder.  *Id.*, at 10-11. However, as discussed below, the FCRA does not require CRAs to adjudicate legal defenses or issues between third parties, so even if Plaintiff's allegations are true, Trans Union cannot be liable under the FCRA in this matter.  Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and Plaintiff's Complaint should be dismissed.

## II.    <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. In analyzing a motion under Rule 12(b)(6), the Court should determine whether the allegations contained in the complaint, construed in the light most favorable to the Plaintiff, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. 544, 555-56 (2007).

## III.   <u>ARGUMENT</u>

### A.   **Trans Union's Reporting Of The Account Is Accurate, And Case Law Holds That Accurate Credit Reporting Is A Complete Defense To A Claim Under The FCRA.**

To proceed under Section 1681e(b) or Section 1681i(a) of the FCRA, a plaintiff must show an inaccuracy as a threshold matter. *See, e.g, Barsky v. Experian Info. Sols., Inc.*, No. 4:15 CV 1017 CDP, 2016 U.S. Dist. LEXIS 116256, at *4 (E.D. Mo. Aug. 30, 2016); *see also Murphy v. Midland Credit Mgmt.*, 456 F. Supp. 2d 1082, 1089 (E.D. Mo. 2006); *Gibson v. Experian Info. Sols.*, 494 F. Supp. 3d 613, 616 (E.D. Mo. 2020).[1]   Said another way, accuracy is a complete defense to claims brought under Sections 1681e(b) or 1681i(a). *See Doyle v. Trans Union*, 638 F. App'x 559, 560 (8th Cir. 2016) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156-57 (11th Cir. 1991)); *Fahey v. Experian Info. Sols., Inc.*, 571 F. Supp. 2d 1082, 1087 (E.D. Mo. 2008); *Barsky*, 2016 U.S. Dist. LEXIS 116256, at *4; *Murphy*, 456 F. Supp. 2d, at 1089;

---

[1] This is also the case with every court that has considered it throughout the nation. *See, e.g., DeAndrade v. Trans Union*, 523 F.3d 61, 66-68 (1st Cir. 2008); *Bibbs v. Trans Union LLC*, 43 F. 4th 331, 344–45 (3d Cir. 2022); *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 415 (4th Cir. 2001); *Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 895 (5th Cir. 1998); *Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024); *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020) (*citing Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1161 (11th Cir. 1991)).

*Ketsenburg v. Chexsystems, Inc.*, No. 4:21-CV-220 RLW, 2022 U.S. Dist. LEXIS 24066, at *12 (E.D. Mo. Feb. 10, 2022).

In the instant matter, Plaintiff admits that he entered into an agreement with Nissan or a third-party dealership on Nissan's behalf. *See* Dkt No, 1, at 10 ("Plaintiff Enters Into an Endorsement Agreement with Nissan"). Plaintiff further admits that as a part of that agreement, he received a Nissan Rogue. *Id.* ¶ 58. Plaintiff alleges that monthly payments were owed on the lease, apparently being paid by the dealership as a part of the agreement between the parties. *Id.* ¶ 57. Plaintiff admits that he had never made lease payments, claiming that they were covered by the dealership. *Id.* ¶¶ 59, 63-64. Plaintiff then alleges that there was an issue with payment, and when he discussed with the dealership, he was told the dealership would contact Nissan to "get it handled." *Id.* ¶ 76. Ultimately, Plaintiff admits that the lease payments were not being paid, starting in May 2024. *Id.* ¶ 76.

However, Plaintiff claims Trans Union's reporting of the Nissan account was inaccurate due to the negative payment history and that the account was charged off, with a balance. *Id.* ¶ 135. But Plaintiff has admitted in his Complaint that the lease payments were not being paid after May 2024. An outstanding balance on the account naturally follows from failing to make lease payments. Plaintiff alleges that Trans Union reported what happened, and accurate reporting is a complete defense to FCRA claims. Therefore, because Plaintiff has not alleged an inaccuracy that Trans Union reported to a third party, Plaintiff fails to state a claim for which relief may be granted, and Plaintiff's Complaint should be dismissed.

**B.     Even If Plaintiff Was Not Liable For Making The Payments, Plaintiff's Claims Are Based Upon An Unadjudicated Legal Dispute With Nisan, Which Is Not Cognizable Against A Consumer Reporting Agency Under The FCRA.**

Alleged inaccuracies that turn on legal disputes are not cognizable under the FCRA, as they are collateral attacks on the legal validity of a debt. *See Rydholm v. Equifax Info. Servs. LLC*, 44

F.4th 1105, 1109 (8th Cir. 2022) ("We join our sister circuits in rejecting the invitation to mandate that CRAs hire individuals with legal training to preemptively determine the validity of reported debts."); *see Parry v. Procollect, Inc.*, No. 4:22-CV-00283-BCW, 2023 U.S. Dist. LEXIS 51122, at *7 (W.D. Mo. Feb. 10, 2023) ("the Eighth Circuit, in *Rydholm*, recently joined other federal appellate circuits in recognizing the legal-versus-factual distinction"); *Barsky v. Experian Info. Sols., Inc.*, No. 4:15 CV 1017 CDP, 2016 U.S. Dist. LEXIS 116256, at *4 (E.D. Mo. Aug. 30, 2016).

Every Circuit to consider the question has found the same – that alleged inaccuracies based upon legal disputes of the debt do not form the basis of an FCRA claim. *See, e.g.*, *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 41 (1st Cir. 2010); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023); *Sessa v. Trans Union, LLC*, 74 F.4th 38, 43 (2d Cir. 2023) (further clarifying that alleged inaccuracies are not cognizable unless "objectively and readily verifiable"); *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251, 2025 U.S. App. LEXIS 6032, at *17 (4th Cir. 2025) (noting claims that involve fraud, tortious conduct, complex fact-gathering, and those requiring in-depth legal analysis are not "objectively and readily verifiable"); *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 150 (4th Cir. 2008) ("Claims brought against CRAs based on a legal dispute of an underlying debt raise concerns about 'collateral attacks'"); *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 288 (5th Cir. 2025); *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020); *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019); *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891-92 (9th Cir. 2010); *Batterman v. BR Carroll Glenridge, LLC,* 829 F. App'x 478, 481 (11th Cir. 2020); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368 (11th Cir. 2024) (further clarifying

the "objectively and readily verifiable" standard); *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 946 (11th Cir. 2021).

As *Barksy* notes, this legal-versus-factual doctrine exists because "CRAs are not qualified to resolve such legal issues, nor are they required to under the FCRA." *Id.*, 2016 U.S. Dist. LEXIS 116256, at *4. Courts across the nation find the same – that CRAs are not tribunals and are not equipped, or required by the FCRA, to resolve legal or contract disputes. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891-92 (9th Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009); *accord Mader*, 56 F.4th, at 271; *DeAndrade*, 523 F.3d, at 68; *Chuluunbat*, 4 F.4th, at 567 (7th Cir. 2021); *Humphrey*, 759 F. App'x, at 488; *Batterman*, 829 F. App'x, at 481; *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020); *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 814 (7th Cir. 2023) ("We have long held that [consumer reporting agencies] are not well suited to adjudicate legal defenses to a debt, so they are not liable for reporting information that may be legally inaccurate."); *Silver v. Top Line Reporting Inc.*, No. 25-cv-4375 (BMC), 2025 U.S. Dist. LEXIS 205169, at *8 (E.D.N.Y. Oct. 16, 2025) (holding that Trans Union is "neither an accounting firm nor a law firm" and thus does not have to undertake intricate analysis of comparing payment statements to lease terms); *Thompson v. Santee Auto. LLC*, No. 2:26-cv-00749-RMG, 2026 U.S. Dist. LEXIS 83660, at *8 (D.S.C. Apr. 16, 2026); *Prianto v. Experian Info. Sols., Inc.*, No. 13-cv-03461-TEH, 2014 U.S. Dist. LEXIS 94673, at *23 (N.D. Cal. July 10, 2014); *Spector v. Barclays Bank Del.*, No. 1:20-cv-24300-UU, 2021 U.S. Dist. LEXIS 260271, at *5-6 (S.D. Fla. Feb. 10, 2021) ("allegation of inaccurate reporting is predicated on a contractual dispute with parties other than the CRA Defendants. This Court will not impose an obligation on the CRA Defendants to adjudicate contractual disputes between third parties in order to satisfy FCRA").

Similarly, consumer reporting agencies are not liable where a plaintiff alleges a third party is at fault for accurate negative reporting. *Llewellyn v. Carrington Mortg. Servs., LLC*, No. 21-00850-CV-W-GAF, 2022 WL 22902518, at *2–5 (W.D. Mo. Apr. 29, 2022) (finding that the credit report was not materially misleading in reporting late payments even though the fault for the late payment was alleged to be on the lender and discussing similar cases); *Paul v. Experian Info. Sols., Inc.*, 793 F. Supp. 2d 1098, 1102 (D. Minn. 2011) (determining that the report of a delinquent payment was not misleading where the delinquency was allegedly caused by the plaintiff's bank's mistake); *see also Bray v. TransUnion, LLC*, No. 2:23-CV-197-Z-BR, 2024 U.S. Dist. LEXIS 163388, at *13 (N.D. Tex. Sep. 11, 2024) (holding that reporting was accurate despite the plaintiff's allegations that lateness was the bank's fault due to autopay failure); *Boothe v. Equifax Info. Servs. LLC*, Civil Action No. 3:21-CV-1766-D, 2021 U.S. Dist. LEXIS 229668, at *11 (N.D. Tex. Dec. 1, 2021) (holding factually correct reporting is not actionable, regardless of consumer's subjective beliefs); *Arniella v. Trans Union, LLC*, No. 21-CV-23694-DLG, 2022 U.S. Dist. LEXIS 117145, at *5 (S.D. Fla. June 1, 2022) (holding suit against the consumer reporting agencies does not implicate accuracy and is instead a collateral attack on plaintiff issues with third party bank autopay system); *Hom v. TransUnion, LLC*, No. 23-CV-81513-ROSENBERG, 2024 U.S. Dist. LEXIS 145524, at *4 (S.D. Fla. Aug. 15, 2024) ("[C]ourts across the country have routinely refused to find that the FCRA can be violated when a defendant reports accurate credit information without additional, contextual information demanded by the plaintiff."); *see Silva v. Experian Information Solutions*, Case No. 6:23-cv-2101-CEM-UAM, Dkt. No. 99 (M.D. Fla. March 21, 2025); *Tuttobene v. Trans Union, LLC*, No. 219CV01999APGNJK, 2021 U.S. Dist. LEXIS 101472, 2021 WL 2188232, at *2 (D. Nev. May 28, 2021) (holding no inaccuracy in reporting late payments where mortgagee bank electronically rejected mortgage payment due to incorrect

account number and that "[a credit reporting agency] thus does not violate § 1681i(a) by accurately reporting a late payment even if the consumer has a good explanation for why the payment was late."); *Bullard v. Equifax Info. Servs. LLC*, No. CV-25-04825-PHX-SHD, 2026 U.S. Dist. LEXIS 116391, at *3 (D. Ariz. May 27, 2026); *Braun v. Trans Union LLC*, No. CV 19-06098-CJC(SKX), 2019 U.S. Dist. LEXIS 240171, 2019 WL 13083348, at *3 (C.D. Cal. Oct. 10, 2019) (finding reporting of a plaintiff's late payment caused by a third-party furnisher's error was not misleading because "[p]laintiff's payment was unquestionably late; she merely disputes that the lateness was not her fault. This is not sufficient to plead a 'materially misleading' statement on her credit report"). *Spira v. TransUnion, LLC*, No. 23-CV-4319 (NSR), 2024 WL 2221662, at *4 (S.D.N.Y. May 16, 2024) ("Plaintiff's debt unquestionably existed as reported on his credit report and it unquestionably went unpaid. Therefore, Plaintiff's FCRA claim must be dismissed for failure to plead the existence of an inaccuracy.")

In the instant matter, Plaintiff admits that he entered into an agreement with Nissan or a third-party dealership on Nissan's behalf. *See* Dkt No, 1, at 10 ("Plaintiff Enters Into an Endorsement Agreement with Nissan"). Plaintiff alleges that the consideration under the was the use of his "name, image, and likeness, in his capacity as a basketball player at Creighton, to promote [the dealership's] brand and [that] Plaintiff would participate in their advertising." *Id.* ¶ 55. Plaintiff alleges that the dealership's consideration in the agreement was to provide Plaintiff "with a vehicle and cover the monthly costs to lease the vehicle." *Id.* ¶ 56. This agreement was apparently executed, and the parties provided their consideration. *Id.* ¶¶ 57-60.

Plaintiff then informed the dealership that he was altering what presumably was a condition precedent of the agreement – him being a basketball player at Creighton. *Id.* ¶¶ 61-62. Plaintiff alleges that the parties then modified the agreement in response, including both parties making

representations or offering implicit understandings. *Id.* ¶¶ 63-64. Plaintiff then alleges that the vehicle was involved in an accident, resulting in further modification to the agreement, later involving a further third-party insurance company. *Id.* ¶¶ 64-67.

Per Plaintiff's admissions and allegations, the agreement between himself, Nissan, and/or the third-party dealership was executed and modified multiple times. In at least one point, the agreement was modified due to Plaintiff's own inability to perform per the contract. Plaintiff alleges that he is not responsible for the lease payments or overall debt, per the agreement between the parties or any of the various amendments thereto. *See generally id.* at 10-13. However, Plaintiff also alleges that Nissan disagrees, having a different interpretation of the contract. *Id.* ¶¶ 69-71. Plaintiff alleges that Nissan's dealership further has a different interpretation of the contract, or at the very least of the required performance, by stopping payment thereon. *Id.* ¶ 74-75. All three parties involved appear to have different interpretations of the agreement, or of multiple bilateral agreements (e.g. Plaintiff's agreement with Nissan, Nissan's agreement with the dealership, and the dealership's agreement with Plaintiff).

Plaintiff now sues Trans Union and the other CRAs, based upon his legal interpretation and defenses to the agreement(s) between himself, Nissan, and the dealership. However, this is not a cognizable claim under the FCRA. Trans Union and the other CRAs are not tribunals and the FRCA does not require Trans Union to adjudicate Plaintiff's liability under the agreement(s) between himself, Nissan, and the dealership, particularly when Plaintiff admits that he failed perform under at least one agreement and the lease payments were not made. Therefore, because claims based upon legal defenses or issues, rather than factual inaccuracies, are not cognizable under the FCRA, Plaintiff has failed to state a claim for which relief may be granted against Trans Union, and Plaintiff's Complaint should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that the Court grant the Motion, dismiss Plaintiff's Complaint against it, with prejudice, along with any other just and proper relief.

Respectfully submitted,

*/s/ Scott E. Brady*
Scott E. Brady, Esq. (#3053449IN)
Quilling, Selander, Lownds, Winslett &
  Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail:  sbrady@qslwm.com

*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **22nd day of June, 2026**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Jenna Dakroub, Esq.<br>jdakroub@consumerjustice.com | James M. Brodzik, Esq.<br>jbrdozik@hinshawlaw.com |
| James C. Sanders, II, Esq.<br>jsanders@hinshawlaw.com | Britton Laurence St. Onge, Esq.<br>bstonge@polsinelli.com |
| G. Edgar James, Esq.<br>ejames@jamessobba.com | Michael Shriner, Esq.<br>mshriner@goodwinlaw.com |

/s/ Scott E. Brady
Scott E. Brady, Esq. (#3053449IN)
Quilling, Selander, Lownds, Winslett &
  Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail:  sbrady@qslwm.com

*Counsel for Defendant Trans Union LLC*

- 12 -